Though, in a conversation between a creditor of decedent's firm and decedent as to the enforcement of the creditor's claim, at which the executor was present, no reference was made to any personal debt of the decedent, or any mention by the executor of any debt of the decedent to himself, the executor was not estopped from asserting a claim against the estate duly established by the evidence.

In the matter of the estate of Franklin E. Saunders.  Decree settling account of executors.

Morris U. Ely, for executor.
Putman, Twombly & Putney, for contestants.

CHURCH, S.  The indebtedness of the deceased to the executor is established by ample evidence.  It is claimed, however, by the contesting creditor, that as to his claim the executor is estopped from asserting the same.  This contention is based upon the following circumstances.

The deceased was a member of the firm of "F. E. Saunders & Co."; the interest of his partner therein, however, being comparatively small.  It appears the firm had incurred a number of obligations, among them being that of the contestant, Barnard.  Barnard had notified the firm that he intended to liquidate his account and refused them further credit.  The deceased, in company with the executor, who was his father, thereupon had an interview with Barnard for the purpose of postponing the enforcement of his claim and of obtaining further credit.  At this conversation inquiry was made by Barnard as to the indebtedness and obligations of the firm, and he in addition desired complete trial balances from the firm's books, agreeing that if these were satisfactory he would extend further credit, provided that, when the deceased wished to purchase merchandise, not only would the firm be required to pay for the same, but, in addition, would have to pay a like amount toward the liquidation of the old account.

At this conversation no reference or inquiry was made as to any personal indebtedness of the deceased, and no mention was made by the executor of the indebtedness which he now claims against the deceased.  There was no affirmative suggestion made in relation thereto by the deceased, as to which the implied acquiescence of the executor could be deemed as any assurance to the contestant, Barnard.  Under this state of affairs the essential elements of an estoppel are lacking; and the executor, therefore, should be al-

lowed his claim, without any distinction as to the rights of the creditor, Barnard. Let decree be presented accordingly.

Decreed accordingly.